**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3069-15T3

MICHELE TOUSSAINT,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

        Argued September 12, 2017 — Decided September 21, 2017

        Before Judges Fasciale, Sumners and Moynihan.

        On appeal from the Board of Trustees of the
        Police and Firemen's Retirement System, Docket
        No. 3-10-47799.

        Samuel M. Gaylord argued the cause for
        appellant (Gaylord Popp, LLC, attorneys; Mr.
        Gaylord, on the brief).

        Daniel F. Thornton, Deputy Attorney General,
        argued the cause for respondent (Christopher
        S. Porrino, Attorney General, attorney;
        Melissa H. Raksa, Assistant Attorney General,
        of counsel; Mr. Thornton, on the brief).

PER CURIAM

Toussaint appeals from a February 11, 2016 final agency decision by the Board of Trustees Police and Firemen's Retirement System (the Board) denying her accidental disability benefits pursuant to N.J.S.A. 43:16A-7. There exists sufficient credible evidence in the record to support the findings that the injury-producing event was neither undesigned nor unexpected. Because Toussaint failed to show that she suffered from a traumatic event, we affirm.

The Department of Corrections (DOC) employed Toussaint as a senior corrections officer (SCO). She injured herself while performing her job. Her injury occurred while she was in the process of unlocking a gate in the jail, something the DOC had trained her to do, and something she had done previously. As she approached the gate, her ankle rolled causing her to fall. She did not trip over anything, and there was otherwise nothing unusual on the floor that contributed to the fall.

The administrative law judge (ALJ) concluded Toussaint failed to show the external event of unlocking and opening the gate resulted in "an unanticipated consequence" that was "extraordinary or unusual in common experience." She appealed to the Board contending that she was entitled to accidental disability benefits. The Board issued a comprehensive written opinion dated

December 31, 2015 and adopted the initial recommendations of the ALJ.

On appeal, Toussaint argues that the circumstances of her injury were unusual. Toussaint contends that a code, which in this case means an officer in distress, is not a common occurrence during a SCO's shift. Toussaint maintains that she had difficulty securing the inmates in their cells because the code occurred during recreational time. Toussaint contends that a series of "external" events, such as cell gates failing to properly function; opening gates for other officers to respond; and logging information during the code, made the incident "unusual and extraordinary."

Our scope of review of "administrative agency action is limited. 'An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).

"Generally, courts afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007). "Such deference has been

specifically extended to state agencies that administer pension statutes[,]" because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

To secure accidental disability benefits, an applicant must prove each of the following elements:

> 1. that he is permanently and totally disabled;
>
> 2. as a direct result of a traumatic event that is
>
>> a. identifiable as to time and place,
>>
>> b. undesigned and unexpected, and
>>
>> c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4. that the disability was not the result of the member's willful negligence; and
>
> 5. that the member is mentally or physically incapacitated from performing his usual or any other duty.

[*Russo*, *supra*, 206 *N.J.* at 30 (quoting *Richardson*, *supra*, 192 *N.J.* at 212-13).]

Here, the only disputed issue before the ALJ was whether the injury-producing event was "undesigned and unexpected."

Our Supreme Court explained a traumatic event "may be found either in an unintended external event or in an unanticipated consequence of an intended external event if that consequence is extraordinary or unusual in common experience." *Russo v. Teacher's Pension & Annuity Fund*, 62 *N.J.* 142, 154 (1973). Thus, a claimant will not be entitled to accidental disability retirement benefits, like here, where he or she is injured undertaking his or her ordinary work effort, even if that effort is particularly strenuous. *Ibid.*

Under the arbitrary, capricious, or unreasonable standard, our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion. *In re Stallworth*, 208 *N.J.* 182, 194 (2011).

When an agency decision satisfies such criteria, we accord substantial deference to the agency's fact-finding and legal conclusions, acknowledging "the agency's 'expertise and superior

knowledge of a particular field.'" Circus Liquors, Inc. v. Governing Body of Middletown, 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). We will not substitute our judgment for the agency's even though we might have reached a different conclusion. Stallworth, supra, 208 N.J. at 194; see also In re Taylor, 158 N.J. 644, 656-57 (1999) (discussing the narrow appellate standard of review for administrative matters).

There are sufficient facts to support the ALJ's findings, and the final agency decision is not arbitrary. Responding to codes in jails, like here, is what SCOs do as part of their regular job duties. The DOC trained Toussaint how to close gates if they malfunctioned; open gates for officers to respond to a code; and fill out a log book during a code. Toussaint testified that she had followed these procedures before the incident occurred. SCOs handle these situations by design, and Toussaint had done so previously many times. Here, there is substantial credible evidence in the record showing that the accident was due to her own movement, without any attending unusual circumstances. The incident was therefore neither undesigned nor unexpected, and as a result, she failed to show she suffered from a "traumatic event."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                                    A-3069-15T3